**MERRELL v. EVANS, Internal Revenue Collector.**

(District Court, Idaho, S. D. January 23, 1925.)

No. 1096.

**1. Internal revenue ⬅7—Transaction held purchase and sale within Revenue Act.**

Transaction, whereby shares of stock were transferred, *held* to be a purchase and sale and to ,fall within Revenue Act 1921, § 202, subd. a (Comp. St. Ann. Supp. 1923, § 6336⅛bb), relating to basis for ascertaining gain or loss on sale.

**2. Internal revenue ⬅25—Return to collector estops taxpayers.**

Where in return taxpayer lists property as his, he may not sue for relief against tax on theory that property is community property.

At Law. Action by Lewis C. Merrell against Evan Evans, Collector of Internal Revenue for the District of Idaho. On demurrer to amended complaint. Demurrer sustained, with judgment of dismissal.

Hawley & Hawley, of Boise, Idaho, for plaintiff.

E. G. Davis, U. S. Atty., of Boise, Idaho, for defendant.

DIETRICH, District Judge. [1] Plaintiff seeks to recover from the defendant revenue collector $75.15, paid by him under protest. While in his reply brief he suggests that possibly the view might be taken that the transaction, culminating on February 11, 1920, amounted to nothing more than an exchange as between himself and his two brothers of their several interests, unquestionably he pleads a *sale and purchase* of the stock in question rather than an exchange. It is not improbable that such was the theory urged upon and adopted by the New York court in the suit in which the transfers were decreed to be valid under the, conditions of the trust. It may very well be that, had the transaction been exhibited as an exchange, a different conclusion would have been reached. However that may be, in his return to the collector he set up the theory of a sale, and he has carried that theory forward into his complaint here, To illustrate: Plaintiff alleges that he "acquired said stock purchased by him (that is, the stock, part of which he later sold at a loss as claimed) * * * on the 11th day of February, 1920; that the *consideration paid in cash or its equivalent* for said stock (7,243¾ shares) was $43,750, or par for each and every share by him purchased and acquired; that said moneys by him so paid thereupon became part of the trust fund, in lieu and in place of the stock by him purchased; and that said consideration still remains in the custody of said trustees," etc. The excerpt is typical, and it is unnecessary to quote other parts of the pleading of a similar character. It is further expressly alleged that such was the nature of the transaction as presented to the Revenue Department.

If, then, he acquired the stock by purchase, and later sold it, the transaction would seem to fall within subparagraph (a) of section 202 of the Revenue Act of 1921 (42 Stat. 229 [Comp. St. Ann. Supp. 1923, § 6336⅛bb]), which is as follows: "That the basis for ascertaining the gain derived or loss sustained ʼfrom a sale or other disposition of property, * * * acquired after February 28, 1913, shall be the cost of such property." Such was the view of the department, and it is thought to be correct.

Plaintiff suggests that, inasmuch as under the provisions of the trust a beneficiary desiring to sell must, first, for a given length of time, ʼoffer his stock to the other beneficiaries at par, and, inasmuch as on February 11, 1920, the stock was of a greater market value than the cash consideration paid, it should be assumed that indirectly in some way the plaintiff paid an additional consideration which, together with the par value paid, made up the full market value. But how? The will imposed upon .the other beneficiaries the necessity of selling to the plaintiff, if they sold at all, at par, and par is what plaintiff alleges he paid. If, by bringing in the other contemporaneous transactions of sale, we attempt to import into this particular sale an additional consideration, then we have the parties violating the conditions of the trust under which, as we have seen, one beneficiary was bound to sell to another at par.

I am unable to see the materiality of the privilege which plaintiff had under the will of purchasing at par in case another beneficiary chose to sell. If, as alleged, he bought the stock on February 11th at par, the fact that he had an advantage over other possible purchasers does not alter the case; it still remains true that, as pleaded, he actually paid for the stock only $5.65 a share, and that for that consideration he had the right to get, and he did get, the stock. Prior to that time he had no interest in or ownership of the stock.

[2] Plaintiff also seeks to put forward, as a ground for relief, the theory of community property, but, not only are the facts

stated thought to be insufficient, but no such contention was set up in plaintiff's return to the collector, and indeed the position would seem to be wholly inconsistent with his return, in that, so far as appears, he returned the stock as his property and not that of his wife.

Demurrer sustained, with judgment of dismissal, form of which counsel for the government will prepare.